Leroy M. Wirtz v. Commissioner.
Wirtz v. Commissioner
Docket No. 4065-68.
United States Tax Court
T.C. Memo 1969-127; 1969 Tax Ct. Memo LEXIS 171; 28 T.C.M. (CCH) 674; T.C.M. (RIA) 69127; June 23, 1969, Filed Leroy M. Wirtz, pro se, 535 Plentywood Dr., Kalispell, Mont. Lee A. Kamp, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1966 in the amount of $220.03. Because of concessions made by respondent the only issue remaining for our decision is whether petitioner is entitled to a deduction for moving expenses in an amount in excess of $704. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioner and Joan P. Wirtz, his wife, who at the *172 time of the filing of the petition in this case resided in Kalispell, Montana, filed a joint Federal income tax return for the calendar year 1966 with the Office of International Operations, Washington, D.C.
From March 30, 1963, through January 13, 1966, petitioner was employed by Gustav Hirsch Organization Inc., in Thailand and Vietnam. When petitioner left Vietnam in January 1966, he was returning to his home in Anchorage, Alaska, and his fare to Anchorage was to be paid by his then employer. Since there is no difference in the cost of air fare from Vietnam to Anchorage than from Vietnam to Seattle with a stopover in Anchorage, petitioner had arranged to be furnished a ticket which would permit him to stop in Anchorage, Alaska, and continue from Anchorage to Seattle. However, because of a mistake as to the airline he used, he was not permitted to deplane in Anchorage. He remained on the plane until he arrived in Seattle, Washington, and shortly after his arrival in Seattle returned to Anchorage at his own expense. Petitioner purchased a round trip airline ticket from Northwest Orient Airlines from Seattle to Anchorage and return with his personal check for $199.13 dated January 16, 1966. His *173 then employer tried to recover the cost of the round trip fare from Seattle to Anchorage for petitioner because of the mistake but was unable to do so. Prior to March 30, 1963, petitioner had been employed by Gustav Hirsch Organization, Inc., in Anchorage, Alaska. He had moved his family consisting of his wife and four children to Anchorage, and he and his family had lived in Anchorage while petitioner worked there. When petitioner went to Thailand and Vietnam his family continued to live in Anchorage and petitioner returned to Anchorage on several leaves to visit his family there. It was petitioner's intent in January 1966 when he returned from Vietnam to spend some time with his family in Anchorage and then go on to Seattle, Washington to find new employment in the Seattle area. After returning to Alaska and visiting his family petitioner again went by air to Seattle. He obtained a position with Hinkle-McCoy in Kirkland, Washington which is near Seattle and approximately 10 to 15 miles from Lynnwood, Washington. Petitioner began working for Hinkle-McCoy about the first of March 1966 and after 2 weeks resigned to accept a position with General Telephone Company in Kirkland, Washington. *174 He continued in that position until approximately the end of December of 1966 when he obtained a position with Nelson Motors in Lynnwood, Washington which he kept until July 1967 when he and his family moved to Kalispell, Montana. Around Eastertime in 1966 petitioner returned to Anchorage for a visit with his family and to assist them in preparing to move to Lynnwood, Washington in June of 1966 after the children completed the school year in Anchorage. Air fare from Anchorage to Seattle in June 1966 was $98 one way. In moving his family and household furnishings from Anchorage, Alaska to Lynnwood, Washington in June 1966, petitioner made the following expenditures: Shipping of automobile
$125.00
Shipping of household furnishings and family personal effects:
By air freight
185.00
By barge
100.00
Wife's airline fare
98.00
Four half fares for children 196.00
Total
$704.00
Petitioner on his Federal income tax return for 1966 excluded under section 911, I.R.C. 1954, [1] earnings of $1,320. 676 Respondent in his notice of deficiency disallowed this exclusion on the ground that petitioner was not out of the United States for 510 *175 days. At the trial respondent conceded that petitioner had been out of the United States for the required 510 days but amended his answer to allege that petitioner's exclusion was limited to $712.33 by reason of section 911(c). The parties stipulated at the trial that $785 of the amount received by petitioner in 1966 was compensation for work performed in 1965. On brief respondent conceded that under the facts shown by this record petitioner was entitled to exclude the entire amount of the $1,320 he had claimed as an exclusion Petitioner did not claim a deduction for moving expenses on his Federal income tax return for 1966. Pursuant to leave granted at the trial and without objection by respondent, petitioner filed an amendment to his petition on April 18, 1969, claiming a deduction in the amount of $1,294 as expenditures made in moving his family from Anchorage, Alaska to Lynnwood, Washington. Ultimate Finding of Fact Petitioner is entitled to deduct as moving expenses under section 217 the amount of $803.50. Opinion Section 217 [2] provides for the deduction of moving expenses paid or incurred in connection *176 with the commencement of work at a new principal place of business. Moving expenses are defined in this section as the cost of moving household goods and personal effects and traveling from the former residence to the new residence. Respondent concedes that petitioner is entitled to all the amounts of moving expenses he claims except full fare as compared to half fare for each of his four children and the $398 for petitioner's two round trip fares to Anchorage from Seattle. [3]
*177 Although the record is not clear in this respect, it indicates that petitioner only paid half fare for each of his four children and we have so found. This is a purely factual determination. Since half fare is all the record supports as the cost to petitioner for travel for his children from Anchorage to Seattle, he is only entitled to deduct the amount of the four half fares for traveling costs for his children. The law is clear that petitioner is only entitled to deduct his travel from his former residence to his new place of residence. This is, of course, one such fare. However, whether the trip by mistake from Anchorage to Seattle when petitioner was not permitted to deplane in Anchorage was this one trip and therefore a trip without cost to petitioner is a question of fact under the unusual circumstances here present. Since petitioner promptly returned to Anchorage, we view his return as in substance his going to Anchorage in the first instance. However, he is not entitled to the fare from Seattle to Anchorage as a deduction of moving expenses. This was a personal expense not covered as a deduction by section 217. However, his fare in going from Anchorage to Seattle, his new *178 place of employment, is deductible under section 217. Therefore, we have added to the amount of deduction conceded by respondent $99.50 for petitioner's airplane fare from Anchorage to Seattle. Even though the reason petitioner found it necessary to pay this fare, as well as the fare from Seattle to Anchorage, was a mistake in being put on a plane which could not deplane passengers in Alaska, it was nevertheless the cost of his first trip from his home in Alaska to his new residence in Lynnwood, Washington after his return from Vietnam. The fact that a mistake in the selection of a plane caused petitioner to go to Anchorage via Seattle does not change the fact that he in fact went home to Anchorage and then went from that 677 home to his new residence in Lynnwood at a travel cost of $99.50. It is clear that the trip home at Easter is not deductible under section 217. This was a personal expense which is not made deductible under section 217. Decision will be entered under Rule 50. Footnotes
1. All references are to the Internal Revenue Code of 1954.↩
2. SEC. 217. MOVING EXPENSES. (a) Deduction Allowed. - There shall be allowed as a deduction moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee at a new principal place of work. (b) Definition of Moving Expenses. - (1) In general. - For purposes of this section, the term "moving expenses" means only the reasonable expenses - (A) of moving household goods and personal effects from the former residence to the new residence, and (B) of traveling (including meals and lodging) from the former residence to the new place of residence.↩
3. Since petitioner paid $199.13 for his round trip air fare from Seattle to Anchorage on January 16, 1966 and the testimony is that in June 1966 the one-way fare from Anchorage to Seattle was $98, apparently there was a slight fare reduction between those dates for this trip.↩